### COMMONWEALTH OF KENTUCKY v. WENDLING.

(Circuit Court, W. D. Kentucky. October 20, 1910.)

REMOVAL OF CAUSES (§ 70*)—CRIMINAL PROSECUTION—GROUNDS—STATE LAWS.
    Ky. St. § 2253 (Russell's St. § 3076), provides that no person shall be a competent juror for the trial of a criminal case, unless he be a citizen at least 21 years of age, a housekeeper, sober, temperate, discreet, and of good demeanor. Section 2254 (section 3077) provides that juries de medietate linguæ may be directed by the court. *Held*, that it did not appear as a matter of law that, because section 2253 required jurymen in criminal cases to be citizens, the court had no power to grant an alien charged with a criminal offense a jury consisting of six citizens and six aliens of his own nationality, or that the state courts would so construe such sections as to deny an alien such right; and hence an alien charged with a crime committed in Kentucky was not entitled to have the prosecution removed to the federal courts because he could not secure a jury de medietate linguæ

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the state courts, under Rev. St. U. S. § 641 (U. S. Comp. St. 1901, p. 520), providing that, when any person charged with an offense is denied or cannot enforce in the judicial tribunals of the state any rights secured to him by any law providing for the equal civil rights of citizens of the United States or persons within the jurisdiction thereof, such prosecutions may be removed to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 127; Dec. Dig. § 70;* Criminal Law, Cent. Dig. § 198.]

Joseph Wendling was indicted for murder, and removed the case to the federal court. On motion of the Commonwealth to remand. Granted.

Loraine Mix, for the commonwealth of Kentucky.

J. Reginald Clements and John W. Ray, for defendant.

EVANS, District Judge. The defendant having been indicted in the Jefferson circuit court, criminal division, and charged with the murder of Alma Kellner, filed his petition in the state court, and removed the case to this court. The commonwealth of Kentucky has moved to remand the case, and the motion has been ingeniously and interestingly argued by the counsel for the defendant.

In the petition for the removal it is averred:

"The defendant, Joseph Wendling, petitions this court to transfer this prosecution, wherein defendant stands charged by indictment with the crime of willful murder, to the United States Circuit Court for the Western District of Kentucky, as provided by sections 641–642, Revised Statutes of the United States, and for causes of such removal to and trial therein defendant, petitioner, says:

"That he is a citizen and subject of the republic of France, wherein his parents reside, where he was born and resided until, less than three years ago, he came to Kentucky, where he has resided for the time being; and he says that he has never been naturalized, nor has he severed his allegiance from the republic of France, but has been only temporarily domiciled in Kentucky.

"Defendant, petitioner, says that, although he is only temporarily in Kentucky, he is subject to the laws thereof, and is entitled to the protection of the laws thereof, as well as of the protection of the laws of the United States, and he is entitled to enforce in the judicial tribunals of Kentucky, on the final trial and disposition of this prosecution and charge against him, all equal civil rights and equal protection of the laws secured to him by that part of the amendment to the Constitution of the United States providing that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any persons of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

"Defendant, petitioner, says that as an alien sojourning in the state of Kentucky he is entitled on the trial of the charge against him, as a part of due process of law and the law of the state, to be tried by the ancient mode of trial by jury, secured by section seven (7) of the Constitution of this state. He further says that the ancient mode of trial by jury, as applied to the case of an alien being tried, consists in having, upon his application, a jury de medietate linguæ, impaneled to sit as petit jury to try the facts and render verdict under the law, which jury consisted of six citizens of the county and six aliens, of the nationality of the accused, if to be had, who were residing in the county of trial, and, except being aliens, were otherwise qualified jurors.

"He says that this right to a jury de medietate linguæ is expressly recognized to exist in Kentucky by section 2254, Kentucky Statutes.

"He says that, although this right of trial by jury de medietate linguæ is

guaranteed by the Constitution in the ancient mode of trial by jury and recognized by statute, there is no way or method provided by law for summoning or impaneling such a jury in any court, and said jury, composed of six aliens, cannot be lawfully impaneled by the Jefferson circuit court by reason of the provisions of the Kentucky Statutes, section 2253, which prescribed the qualifications of jurors to be summoned and impaneled, to be 'citizens, at least twenty-one years of age, housekeepers,' etc., which provision excludes aliens from jury service, and also by section 2241, Kentucky Statutes, which prescribes the manner and way in which jurors shall be summoned and selected, and prescribes that three commissioners for each county shall take the last returned assessor's book for the county, and from it shall select, from the intelligent, sober, discreet, and impartial citizens, resident housekeepers, over twenty-one years of age, numbers of the names of persons of the aforesaid qualifications stated and prescribed, said names to be placed in a drum or wheel, provided for by statute, and from which drum or wheel are drawn the names of citizens to act and serve as jurors. Defendant says that, by so prescribing by statute that only the names of citizens shall be placed in the drum or wheel, it is provided by law that the name of no alien shall be placed therein, nor, of course, drawn therefrom.

"So defendant, says that, under the statute law for summoning, impaneling, and selecting of a jury, this defendant will be deprived of his right to a trial by the ancient mode of jury trial as applied to an alien, in that he will be deprived of the right to a jury composed of six aliens, of French nationality, if to be had, and six citizens of the state of Kentucky.

"Defendant says that there are in the county of Jefferson and in the Western district of Kentucky, the United States Circuit Court district, many aliens residing therein who are qualified jurors under the state laws, except that they are aliens and not citizens, many of them of French nationality, who could be secured for jury service on defendant's trial, but the laws of Kentucky, prescribing the qualifications of jurors, prevent their acceptance as such.

"Defendant, petitioner, says that by being denied, as he is, under the law of this state, his right to trial by jury de medietate linguæ, the ancient mode, as to aliens, he will be denied equal protection of the law, and if, perchance, he be convicted, will be deprived of his liberty or life without due process of law, and his privileges and immunities as a temporary sojourner in the state, with which the republic of France is at peace, will be abridged, all in violation of defendant's rights under the fourteenth amendment to the Constitution of the United States.

"Defendant, petitioner, says that, should he delay until trial is begun and a demand for a jury de medietate linguæ is refused by the court, as it must be refused under the Kentucky Statutes for lack of method of securing such jury, he is advised he may lose his legal rights, because it is provided by section 199, Criminal Code of Kentucky, governing trials of this character, that 'a challenge to the panel shall only be for a substantial irregularity in selecting or summoning the jury or in drawing the panel by the clerk,' and it is provided by section 281, Kentucky Criminal Code, that 'the decisions of the court upon challenges to the panel (a) and for cause (b) upon motions to set aside an indictment (c) and upon motions for a new trial (d) shall not be subject to exceptions,' by the provisions of said two sections, defendant would be without remedy by appeal to the Court of Appeals of Kentucky; and hence this application is made before trial is begun in the Jefferson circuit court."

Section 641 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 520), so far as it is important to notice its provisions, is as follows:

"When any * * * criminal prosecution is commenced in any state court, for any cause whatever, against any person who is denied or cannot enforce in the judicial tribunals of the state or in the part of the state where such prosecution is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United States, or all persons within the jurisdiction of the United States, * * * such prosecution may, upon

the petition of such defendant, filed in said state court at any time before the trial or final hearing of the cause, stating the facts and verified by oath, be removed for trial, into the next Circuit Court to be held in the district where it is pending."

The Revised Statutes of Kentucky contain two sections which read as follows:

"Sec. 2253. No person shall be a competent juryman for the trial of criminal, penal or civil cases in any court unless he be a citizen, at least twenty-one years of age, a housekeeper, sober, temperate, discreet and of good demeanor. No civil officer, except notaries public and trustees of schools, no transient person, physician, surgeon, practicing attorney or minister of any religious society, cashier or teller of a bank, or those who may be supplying their places for the time, or attending at an asylum, or retail druggist, pharmaceutist, undertaker, depot agent of a railroad, or telegraph operator in employment, shall be compelled to serve on a petit jury; but the fact that a person not competent served on a jury shall not be cause for setting the verdict aside, nor shall exceptions be taken to any juror for such cause after the jury has been sworn." Russell's St. § 3076.

"Sec. 2254. Juries de medietate linguæ may be directed by the court." Russell's St. § 3077.

It will be seen from the latter section how and when an accused person, if an alien, may become entitled to a jury de medietate linguæ —that is to say, a jury to be composed of six citizens of Kentucky and six aliens. The right, if we may call it such, would seem to depend upon the discretion of the court. But in what we shall say we shall treat it as a right absolutely given by the law of Kentucky, although we by no means hold that such a right is in fact given, but shall, for present purposes, assume such to be the case. Does it appear from the petition that the judicial tribunals of the state of Kentucky, or of that part of the state where the prosecution is pending, deny, or does it appear that they cannot enforce the statute, which, as we assume, gives, the defendant, as an alien, the right to such a jury?

The ground upon which the petition for the removal appears to proceed, stated generally, is that the jury provided for by section 2254 cannot be given the defendant because of the provisions of section 2253, which prescribes generally the qualifications of jurors and requires that all of them shall be citizens of Kentucky. But the two sections must be construed together, and so as to give effect, if possible, to both; and necessarily the later statute must be so interpreted as to afford an exception under section 2254 to the general provisions of section 2253, and thus give in a case like this authority to do all that is necessary in order to give to an alien a jury de medietate linguæ. If there is any conflict between the two sections, doubtless the state courts will endeavor so to construe them as to harmonize them and give effect to both, and it is obviously impossible that section 2253 was intended by the Legislature to defeat or to impair the operation of section 2254. Until the courts of the state shall so construe the sections quoted as to deny the right given by section 2254 of the Kentucky Statutes (if it be a right), or until it is definitely and positively shown that the judicial tribunals of the state have expressly denied to the defendant the right claimed, or that those tribunals cannot enforce that right, within the meaning of section 641 of the Revised Statutes of the United States, the right of removal to this court does not exist. Until the sec-

tions of the Kentucky Statutes, supra, have been definitely interpreted by the Court of Appeals of the state, it will not be easy to determine what "due process of law" in Kentucky really is in respect to the subject dealt with by those sections, though of course, the absence of such interpretation should not prevent a removal if otherwise the right is clear. On their face the sections which cover the "law of the land" in Kentucky give what is claimed by the defendant equally to all aliens accused of crime in this state, thus giving to all aliens the equal protection of the law; and we are not permitted to doubt that any right of the defendant will be accorded him if in the proper way he asks it. But so far a jury de medietate linguæ has neither been asked by the defendant nor refused by any judicial tribunal of the state, and the case, therefore, has not been brought within section 641 of the Revised Statutes of the United States.

Nor should we overlook the fact that by section 800 of the Revised Statutes (U. S. Comp. St. 1901, p. 623) jurors to serve in this court must have the same qualifications as jurors must have in the courts of the state of Kentucky. If the state court could not impanel a jury de medietate linguæ, neither could this court, and the wholly inadmissible result would be that an alien could not in this state be tried upon any criminal charge whatever.

It is a fundamental rule, in cases where removals to federal courts are sought, that if there is a fair doubt of the right of removal the case should be remanded. The duty to remand is imperative, where the grounds for removal are not made out. Careful preparation and attention to the making up of the record will enable the defendant to present all questions in the premises to the Court of Appeals of the state, and, if necessary, to the Supreme Court of the United States. Other ways are abundantly provided for testing the soundness of the ruling of this court upon this occasion.

Being entirely satisfied that the record does not show facts which entitled the defendant, at this stage of the proceedings, at least, to remove the case to this court, the motion of the commonwealth will be sustained, and an order will be entered remanding the case to the Jefferson circuit court, criminal division.